IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JAY ROYCE WHITE,** § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **BFI WASTE SERVICES OF TEXAS, LP** § <br> **d/b/a ALLIED WASTE SERVICES OF** § <br> **HOUSTON/REPUBLIC SERVICES OF** § <br> **HOUSTON,** § <br> § <br> *Defendant*. § | **CIVIL ACTION NO. 4:21-CV-1171** |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant BFI Waste Services of Texas, LP d/b/a Allied Waste Services of Houston/Republic Services of Houston ("Defendant" or "Republic") files this Notice of Removal of Cause No. 202070973, filed by Plaintiff Jay Royce White ("Plaintiff") in the 133rd Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. As shown herein, removal of this case to federal court is properly based on diversity jurisdiction.

## I.
## BACKGROUND

1. On November 4, 2020, Plaintiff Jay Royce White ("Plaintiff") initiated this action, captioned *Jay Royce White* v. *BFI Waste Services of Texas, LP d/b/a Allied Waste Services of Houston/Republic Services of Houston*, in the 133rd Judicial District Court, Harris County, Texas by filing Plaintiff's Original Petition, Jury Demand and Request for Disclosures ("Plaintiff's Petition"). *See* **Exhibit 3, Plaintiff's Original Petition**. Plaintiff's Petition alleges Defendant unlawfully discriminated and retaliated against him, in violation of Chapter 21 of the Texas Labor Code. The District Court designated Plaintiff's lawsuit as Cause No. 202070973.

1

2. As required by Local Rule 81 and 28 U.S.C. § 1446(a), a docket sheet and true and correct copies of all process, pleadings, and orders related to the District Court proceeding are attached to the Appendix filed contemporaneously herewith as **Exhibit 2** and incorporated herein by reference.

3. On March 22, 2021, Defendant was served with Plaintiff's Petition. *See* **Exhibit 4, Return of Service for Defendant**. Defendant subsequently and timely filed its Original Answer and Affirmative and Other Defenses to Plaintiff's Petition on April 9, 2021. *See* **Exhibit 5, Defendant's Answer**.

## II.
## DIVERSITY JURISDICTION

4. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). As shown below, both of these requirements are met in this case.

**A.** THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

5. The express language in Plaintiff's Petition establishes that Plaintiff's damages exceed $75,000, exclusive of interest and costs, thus satisfying the requirement of 28 U.S.C. § 1332. 28 U.S.C. § 1332(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."). Specifically, in Section X of the Petition, Plaintiff represents: "Plaintiff hereby seeks monetary relief over $100,000, but not more than $1,200,000, including costs, expenses, pre- and post- judgment interests, and attorney's fees." *See* Pl.'s Pet. at Section X. Because Plaintiff's Petition on its face seeks more than the minimum amount in controversy to maintain diversity jurisdiction, the minimum amount in controversy

threshold is met.[1]  *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996) ("[W]e begin our review by applying the 'facially apparent' test, which requires us to look only at the face of the complaint and ask whether the amount in controversy exceeds [$75,000].").

6. Moreover, even if it were not facially apparent from the pleadings that the amount in controversy exceeds $75,000, the amount in controversy is met based on the facts of the case. Federal courts in Texas have frequently determined that suits under similar circumstances—*i.e.* discrimination claims where plaintiff seeks the full spectrum of available damages—are removable even if the amount in controversy is *not* specified by the plaintiff's petition. *See Lee v. Dollar Tree Stores, Inc.*, No. CIV.A. H-07-0955, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007) (finding that in employment discrimination case under Chapter 21 of Texas Labor Code, there is "a preponderance of the evidence that Plaintiff's claims for lost wages, for front pay, for attorneys' fees, and for punitive damages, establish the likelihood that the total amount in controversy in the aggregate is in excess of $75,000."); *Fuentes v. Union Pacific R.R. Co.*, No. 3:2005cv00417, 2006 WL 506048 (W.D. Tex. Feb. 14, 2006) (holding it was facially apparent that amount in controversy exceeded $75,000 in suit for compensatory damages and attorneys' fees under Texas Labor Code Chapter 21, even though plaintiff specifically pleaded for recovery not to exceed $74,000); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916 (W.D. Tex. 2005) (holding it was facially apparent that claim exceeded jurisdictional limits, because plaintiff sued for actual damages, compensatory damages, emotional distress, punitive damages and attorneys' fees under Texas Labor Code Chapter 21, even though petition did not state amount plaintiff sought); *Martin v. Sw. PCS, L.P.*, No. SA-03-CA-866-XR, 2003 WL 22477692, at *3–4 (W.D.

---

[1] Although Defendant asserts for purposes of diversity jurisdiction that the amount in controversy is in excess of $75,000, it does not concede that Plaintiff's claims have merit or that he is entitled to any award of damages.

Tex. Nov. 3, 2003) (holding it was facially apparent from petition that amount in controversy exceeded $75,000 where plaintiff sought past and future lost wages as damages; damages for lost benefits; nonpecuniary damages for severe emotional distress, humiliation, mental trauma and injury to plaintiff's professional and credit reputation; attorneys' fees; and punitive damages).

7. Here, Plaintiff has requested the following damages arising from his termination over two years ago on or around December 10, 2018: (1) backpay from the date of termination to present; (2) front pay in an amount the Court deems equitable and just; (3) mental anguish in the past; (4) mental anguish in the future; (5) emotional pain; and (6) all reasonable and necessary attorneys' fees incurred. *See* Pl.'s Pet. Section X. At the time Plaintiff's employment was terminated, Plaintiff earned $97,129.19 in 2018, and in his last full year of employment, 2017, Plaintiff earned $105,152.97. *See* **Exhibit 5, Hodges Decl. ¶ 6**. Thus, even if Plaintiff had only sought backpay from the date of his termination to the present, this amount alone would exceed the $75,000 amount in controversy threshold.

**B.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.**

8. The second requirement for removal is also established because there was complete diversity of citizenship between Plaintiff and Defendant at the time of filing of Plaintiff's Petition and at the time of removal.

9. According to the Petition, Plaintiff is a citizen of the State of Texas and resides in Harris County, Texas. Pl.'s Pet. Section I. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

10. At the time of filing of Plaintiff's Petition and at the time of removal, Defendant was and is a Delaware limited partnership with its principal place of business in the State of Arizona. *See* **Exhibit 7, Schuler Decl. ¶ 3**. Both of Defendant's partners are Delaware corporations with principal place of businesses in Arizona. *Id.* at ¶¶ 4-5; *Harvey v. Grey Wolf*

*Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("The Citizenship of a limited partnership is based upon the citizenship of each of its partners."). Thus, Defendant is a citizen of both Delaware and Arizona for diversity purposes. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

11. In sum, Plaintiff is a citizen of Texas and Defendant is not. Complete diversity of citizenship exists between Plaintiff and Defendant.

12. Based on the foregoing, Defendant has established that the parties are citizens of different states and it is facially apparent the amount or value of Plaintiff's claims exceeds $75,000. Accordingly, removal is proper pursuant to 28 U.S.C. § 1332(a)(1).

### III.
### PROCEDURAL PREREQUISITES

13. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 1391(b) and 124(b)(2) for the purpose of removal because the Houston Division includes Harris County, where the State Court Action is pending.

14. Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Petition from which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

15. As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed in the 133rd District Court, Harris County, Texas and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without exhibits), filed with the 133rd District Court is attached. **Exhibit 8**, **Notice to State Court**.

16. By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## IV.
## CONCLUSION

WHEREFORE, Defendant respectfully requests the removal of this action from the 133rd District Court of Harris County, Texas to this Court.

Dated: April 9, 2021                                                  Respectfully submitted,


By: /s/ Allison C. Williams
**Allison C. Williams**
Texas State Bar No. 24075108
Fed. Id. No. 1138493
Attorney-in-charge for Defendant
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
Tel: (713) 951-9400
Email: acwilliams@littler.com

**Philip L. Lu**
Ga State Bar No. 890037
LITTLER MENDELSON, P.C.
3424 Peachtree Rd. NE
Suite 1200
Atlanta, GA 30326
Telephone: (404) 760-3925
Email: plu@littler.com
(*pro hac vice to be submitted*)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was sent to counsel of record via electronic-file notification and via electronic mail, on this 9th day of April, 2021 to:

Alfonso Kennard, Jr.
Texas Bar No. 24036888
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Alfonso.kennard@kennardlaw.com

/s/ Allison C. Williams
Allison C. Williams